IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROBERT PLATSHORN,
    Plaintiff,

vs.                                                Case No.:  5:05cv185/MCR/EMT

UNITED STATES PAROLE COMMISSION,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

      Plaintiff, a federal inmate, initiated this action in the United States District Court for the District of Columbia by filing a complaint under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the Administrative Procedure Act (APA), 5 U.S.C. § 702 *et seq.*  Respondent filed a motion to transfer the case to this District on the ground that the complaint should be construed as a petition for writ of habeas corpus, and the District of Columbia court lacked personal jurisdiction over Plaintiff's custodian, as Plaintiff was incarcerated at the Federal Prison Camp at Eglin Air Force Base in Florida at the time of filing the complaint and is now incarcerated at the Federal Correctional Institution at Marianna, Florida (*see* Doc. 1, Attachment 8, Attachment 1 at 7, Attachment 14 at 8).  The District of Columbia court granted Defendant's motion to transfer the case to this District on the ground that the suit was in the nature of habeas corpus, and Plaintiff's physical custodian, the proper respondent in habeas corpus actions, was within the territorial jurisdiction of this District (*see* Doc. 1, Attachment 15).

      The material facts are not in dispute.  On November 21, 1978, Petitioner was sentenced in the United States District Court for the Eastern District of North Carolina, Case No. 78-15-02-Cr-7, to a term of five (5) years of incarceration for importation of a controlled substance in violation of 21 U.S.C. § 952 (*see* Doc. 1, Attachment 1 at 2, Attachment 8 at 1).  On May 23, 1980, Plaintiff was

sentenced in the United States District Court for the Southern District of Florida, Case No. 79-165-Cr-JLK, for fourteen violations of federal law as follows:[1]

    Counts 1 and 2:    Fifteen (15) years of imprisonment on each Count, to run concurrently with each other;

    Counts 3 and 4:    Three (3) years of imprisonment on each Count, to run concurrently with each other and consecutive to the sentence imposed on Counts 1 and 2, and a special parole term of two (2) years on each of Counts 3 and 4, to run concurrently;

    Counts 5 and 7:    Three (3) years of imprisonment on each Count, to run concurrently with each other and consecutive to the sentence imposed on Counts 1 and 2 and the sentence imposed on Counts 3 and 4, and a special parole term of two (2) years on each of Counts 5 and 7, to run concurrently with each other and consecutive to Counts 3 and 4;

    Counts 8 and 20:    Four (4) years of imprisonment on each Count, to run concurrently with each other and consecutive to the sentence imposed on Counts 1 and 2, the sentence imposed on Counts 3 and 4, and the sentence imposed on Counts 5 and 7, and a special parole term of two (2) years on each of Counts 8 and 20, to run concurrently with each other and consecutive to Counts 3 and 4, and Counts 5 and 7;

    Count 13:    One (1) year of imprisonment, to run consecutive to the sentence imposed on Counts 1 and 2, the sentence imposed on Counts 3 and 4, the sentence imposed on Counts 5 and 7, and the sentence imposed on Counts 8 and 20;

    Counts 15C, 22, 23:    Two (2) years of imprisonment on each Count, to run concurrently with each other and consecutive to the sentence imposed on Counts 1 and 2, the sentence imposed on Counts 3 and 4, the sentence imposed on Counts 5 and 7, the sentence imposed on Counts 8 and 20, and the sentence imposed on Count 13, and a special parole term of two (2) years on Counts 15, 22, and 23, to run concurrently with each other and consecutive to Counts 3 and 4, Counts 5 and 7, and Counts 8 and 20;

---

[1]Petitioner was convicted of conspiracy to engage in a pattern of racketeering activity, participation in the conduct of the affairs of an enterprise through a pattern of racketeering, possession of marijuana with intent to distribute, aiding and abetting the possession of marijuana with intent to distribute, importation of marijuana and aiding and abetting that importation, travel in foreign commerce to facilitate the importation of marijuana, attempt to import marijuana and aiding and abetting that attempt, use of a communications facility to facilitate acts constituting a felony, and participation in a continuing criminal enterprise (*see* Doc. 1, Attachment 8 at 1).

Case No.:  5:05cv185/MCR/EMT

>       Count 21:   Three (3) years of imprisonment to run consecutive to the sentence imposed on Counts 1 and 2, the sentence imposed on Counts 3 and 4, the sentence imposed on Counts 5 and 7, the sentence imposed on Counts 8 and 20, the sentence imposed on Count 13, and the sentence imposed on counts 15, 22, 23;
>
>       Count 34:   Thirty-three (33) years of incarceration to run consecutive to the sentence imposed on Counts 1 and 2, the sentence imposed on Counts 3 and 4, the sentence imposed on Counts 5 and 7, the sentence imposed on Counts 8 and 20, the sentence imposed on Count 13, the sentence imposed on counts 15, 22, 23, and the sentence imposed on Count 21.

(*see* Doc. 1, Attachment 1 at 2 n.1, Attachment 8 at 1). The sentences on Counts 1, 2, 3, 4, 5, 7, 8, 20, 13, 15C, 22, 23, and 21, which totaled thirty-one (31) years of incarceration, were parol-able; whereas the thirty-three (33) year sentence imposed on Count 34 was non-parol-able. The Federal Bureau of Prisons ("BOP") aggregated Plaintiff's sentences for purposes of computing deductions for good time, as well as various dates (e.g., statutory release date, effective full term date, parole effective date) (*see* Doc. 1, Attachment 8 at 1). On September 5, 1991, *nunc pro tunc* to August 29, 1989, Defendant Parole Commission paroled Plaintiff from his parol-able sentences, and Petitioner then began serving his 33-year non-parol-able sentence (*see* Doc. 1, Attachment 8 at 2). When Petitioner was paroled, his sentences became "de-aggregated" for sentence computation purposes.[2]

     In the instant case Petitioner challenges the calculation of his presumptive parole release date. He claims that the Parole Commission erred in paroling him from his parol-able sentences to his non-parol-able sentence, thereby "de-aggregating" his sentences for purposes of calculating his release date (Doc. 1 at 4-5). Additionally, he contends the Parole Commission violated the Equal

---

[2]Program Statement 5880.30 of the BOP's sentence computation manual provides:

> De-aggregated sentence: On occasion the Parole Commission will parole from one sentence to another sentence (e.g., parole from a parol-able to a parol-able or non-parol-able sentence) causing the sentences to become 'de-aggregated.' For the remaining sentence, it shall be computed as if the other sentence had not existed, i.e., the SGT (Statutory Good Time) rate shall be based on the total length of the remaining sentence and not on the length of the aggregate prior to parole. Presentence time credit belonging to the sentence from which paroled that was used to calculate the original aggregated sentence shall not be carried over to the remaining sentence. EGT (Extra Good Time) earned on the aggregate will not carry over but the seniority accrued on the aggregate shall carry over to the remaining sentence. All time served on the sentence from which paroled shall count toward reducing the PE (Parole Effective) date on the remaining parol-able sentence or sentences, including concurrent or consecutive life sentences.

Protection Clause by denying him parole, but granting it to Edwin Wood, a similarly-situated inmate (*id*. at 5-6). Plaintiff seeks a declaratory judgment that the Parole Commission erroneously calculated his presumptive parole release date and directing the Commission to issue a Notice of Action stating, "Parole effective date of June 17, 1997 at the eraliest [sic] term on the aggregate sentence" (*id.*).

Initially, this Court agrees with the conclusion of the transferring jurisdiction that this case is in the nature of habeas corpus. Plaintiff argues he is not required to bring his claims in habeas corpus because he is not seeking a grant of parole or challenging the lawfulness of his custody, rather he is challenging only the procedure for determining his parole eligibility and seeks only a "ticket to get in the door of the parole board" (*see* Doc. 1, Attachment 14 at 1). The reason for Plaintiff's desire to avoid characterization of this action as in the nature of habeas corpus is clear, as he admits he previously filed an unsuccessful habeas action in the United States District Court for the Northern District of Virginia in 1996, and a second habeas application in this District, which was dismissed pursuant to 28 U.S.C. § 2244(a) (*id*. at 5-6). *See* Platshorn v. Vasquez, Case No. 3:03cv139/RV/MD (N.D. Fla. Feb. 19, 2004). In the previous case filed in this District, Plaintiff challenged the calculation of his sentence on the following grounds:  (1) the Bureau of Prisons erred in de-aggregating his sentences for purposes of calculating his release date, and (2) the Parole Commission erred in paroling him from his parol-able sentences to his non-parol-able sentence. *Id.*, Doc. 1 at 3-4; Doc. 3 at 1. The district court dismissed the habeas petition with prejudice, pursuant to § 2244(a),[3] on the ground that the issues raised in the petition were already decided on the merits by the district court in the Eastern District of Virginia in the prior habeas proceeding.[4]

Although it is well established that state prisoners may bring a civil rights action under 42 U.S.C. § 1983 for declaratory and injunctive relief challenging the constitutionality of state parole

---

[3]Title 28, section 2244(a) of the United States Code provides:

No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

[4]A copy of this Court's Report and Recommendation in Plaintiff's previous habeas case, which was adopted by the district court, was submitted as an attachment to Respondent's motion in the instant case (*see* Doc. 1, Attachment 8, Ex. 5).

procedures, and they need not seek relief exclusively under the federal habeas corpus statutes, *see* Wilkinson v. Dotson, ___ U.S. ___, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005); Shaw v. Briscoe, 526 F.2d 675, 676 (5th Cir. 1976),[5] in the instant case, Plaintiff is not a state prisoner, and he does not challenge the validity of the federal parole procedures, rather, he challenges the application of those procedures in his case.  Indeed, Plaintiff does not seek simply a declaration that the Parole Commission's procedures used to establish presumptive parole release dates or parole effective dates are invalid; rather, he seeks a declaration that the Commission improperly calculated his presumptive parole release date, as well as an injunction requiring the Parole Commission to issue a "corrected" Notice of Action that reflects his "correct" parole eligibility date, specifically, June 17, 1997 (*see* Doc. 1, Attachment 1 at 5-6, Attachment 14 at 8).  Success for Plaintiff in this action does not mean merely a new parole hearing or eligibility review, it means a shorter stay in prison. Despite Plaintiff's attempt to avoid the label of habeas corpus, his claim necessarily spells speedier release, thus it lies at "the core of habeas corpus."  *See* Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); Cruz v. Skelton, 502 F.2d 1101, 1102 (5th Cir. 1974) (habeas corpus is proper federal remedy in prisoner's action seeking declaratory judgment that he is entitled to be paroled, because relief sought by prisoner was release from confinement).

Having determined that Plaintiff's complaint is properly construed as an application for a writ of habeas corpus under 28 U.S.C. § 2241, and based upon the district court's dismissal of Plaintiff's previous Section 2241 petition in which he raised the same claims, on the ground that the legality of Plaintiff's detention had been determined by a court of the United States on a prior application for a writ of habeas corpus, this Court concludes that the instant petition should be dismissed under 28 U.S.C. § 2244(a).

Accordingly, it is respectfully **RECOMMENDED**:

---

[5]In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

That the complaint (Doc. 1), construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241, be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 2244(a).

At Pensacola, Florida this 26th day of September, 2005.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**